# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3723 | **DATE** | 7/13/2004 |
| **CASE TITLE** | Dawn M. Keith vs. Cook County Public Guardian | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff's complaint is dismissed without prejudice and her motion (3-1) for appointment of counsel denied. She has thirty days to re-file an amended complaint and a completed financial affidavit.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 7/13/2004 | |
| | | 2004 JUL 13 PM 2:59 | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWN M. KEITH, )
)
    Plaintiff, )
)
v. ) No. 04 C 3723
)
COOK COUNTY PUBLIC GUARDIAN )
(PAT MURPHY), )
)
    Defendant. )

**DOCKETED**
**JUL 1 4 2004**

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Dawn Marie Keith's motion for appointment of counsel. For the following reasons, we dismiss the plaintiff's complaint and motion for appointment of counsel with leave to re-file an amended complaint within thirty days.

When a plaintiff is proceeding *pro se*, 28 U.S.C. § 1915 allows for the appointment of counsel. The Court weighs three factors to determine whether to appoint an attorney: the merits of the plaintiff's claim, her financial ability to retain counsel, and her attempts to find a lawyer. *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 500-01 (7th Cir. 1986)(citing *Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 577 (7th Cir. 1980)). If a claim will not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, counsel will not be appointed. A claim will be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [the pleader] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Where, as here, a plaintiff is proceeding *pro se*, the Court has a special responsibility to construe the complaint liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

To state a claim under the Americans with Disabilities Act ("ADA"), Keith must allege that she is disabled and that she was discriminated against because of her disability. 42 U.S.C. § 12132. Under Title II of the ADA, a public entity is prohibited from discriminating against a qualified individual who "meets the eligibility requirements for the receipt of services, or the participation in programs, or activities provided by a public entity." 42 U.S.C. § 12131(2). Keith claims that the Cook County Public Guardian violated Title II when it filed a petition for guardianship over estate and person in connection with an investigation of probate fraud. Keith sufficiently asserts that she is a disabled person covered by the ADA. However, she does not provide us with enough information regarding the defendant's discriminatory conduct. To state a claim under Title II, Keith must establish that "the defendant intentionally acted on the basis of the disability" or that "the defendant's rule disproportionately impacts disabled people." *Washington v. Indiana High Sch. Athletic Assoc. Inc.*, 181 F.3d 840, 847 (7th Cir. 1999). Keith states simply that the defendant filed a "petition of guardianship of person and estate." This does not sufficiently allege the type of discrimination covered by Title II and thus fails to state a claim.

Title II simply extended the requirements of § 504 of the Rehabilitation Act of 1973 to cover state and local governments. 29 U.S.C. § 794. Aside from this difference, the acts are identical and use the same standards for defining discrimination. Since Keith has failed to successfully claim discrimination under Title II of the ADA, she has similarly failed to do so under § 504.

Keith also asserts that she was discriminated against based on her race in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), *et seq.*) and 42 U.S.C. § 1981. However, Title VII only covers employment discrimination, which is not at issue in this case. 42 U.S.C. § 2000(e), *et seq.* To successfully bring a claim under § 1981, a plaintiff must allege that 1) she is a member of a racial minority; 2) the defendant had the intent to discriminate on the basis of race; and 3) the discriminatory

2

conduct included activities listed in the statute. *Batchelor v. Village of Evergreen Park*, No. 03 C 5337, 2004 U.S. Dist. LEXIS 2868 at *4 (N.D. Ill. Feb. 25, 2004)(citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)). Keith's allegations fail to meet the first two qualifications for a § 1981 claim. She does not identify herself as a racial minority in her complaint, nor does she allege that the Public Guardian's office had the intent to discriminate against her on the basis of her race. If Keith wants to make a claim under § 1981 that she was denied the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens," she must refine her allegations to meet this standard. 42 U.S.C. § 1981(a). This claim is dismissed.

Keith also brings a § 1983 claim for discrimination on the basis of race, color, or national origin. 42 U.S.C. § 1983. Keith's complaint labels the "Cook County Public Guardian (Patrick Murphy)" as the defendant in this action. She does not state whether she is bringing this action against Murphy in his personal or official capacity. However, her complaint does not aver that Murphy personally treated her in a discriminatory manner. In fact, she attributes the alleged discriminatory conduct to unnamed staff attorneys in the Public Guardian's office. Consequently, Murphy will be treated as a defendant in his official capacity. By suing the defendant in his official capacity, Keith is really suing the government entity which he represents, the Cook County Public Guardian's Office. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To successfully allege a § 1983 claim against such an entity, the plaintiff must allege that she suffered a constitutional injury as a result of an official policy or custom implemented by that entity. *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 521-22 (7th Cir. 2003)(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Keith does not claim that the defendant had an official policy or custom of discrimination which contributed to her alleged constitutional injury. As a result we dismiss this claim.

Keith also claims that the defendant maliciously prosecuted her. However, the Seventh Circuit has ruled that malicious prosecution is not a valid constitutional basis for a § 1983 claim. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). All claims of malicious prosecution must instead be brought under Illinois state law. *Id.* Since we dismiss all of Keith's federal claims, we decline to exercise supplemental jurisdiction and thus do not consider any claims she may have under Illinois state law.

Keith also claims that the defendant violated the Privacy Rule of the Health Insurance Portability and Accountability Act ("HIPPA") when it obtained information pursuant to an action in Cook County courts. 45 C.F.R § 164, *et seq.* (2003). However, there is no indication that this law was intended to create a private cause of action in federal court. *See Swift v. Lake Park High Sch. Dist.*, No. 03 C 5003, 2003 U.S. Dist. LEXIS 18684, at *9 (N.D. Ill. Oct. 22, 2003). This is not an actionable claim.

Finally, Keith alleges that the defendant subjected her to emotional and financial torture. Neither of these allegations amounts to a federal cause of action. They are dismissed as well.

Plaintiff's complaint is dismissed without prejudice and her motion for appointment of counsel denied. She has thirty days to re-file an amended complaint and a completed financial affidavit.[1] It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/13/04

---

[1] We note that Keith did not provide enough information in her financial affidavit for us to rule on her motion for appointment of counsel. She did not answer question 3(e) on the affidavit which asks whether the plaintiff has received any gifts or inheritances worth more than $200 in the past twelve months. Without this information, we have an incomplete picture of the plaintiff's financial situation and therefore cannot rule on the motion. If Keith chooses to amend her complaint she must re-file a financial affidavit and answer question 3(e).

4